# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:13-CV-00200-MR-DSC

| | |
|---|---|
| KEVIN HAMLIN AND VERONICA HAMLIN AND AARON HAMLIN, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>)<br>) |
| TD BANK, FORMERLY KNOWN AS CAROLINA FIRST BANK, | )<br>)<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on "TD Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint," Doc. 6, filed August 5, 2013, and the parties' associated briefs and exhibits, Docs. 7, 8 and 9.

The matter was referred to the undersigned Magistrate Judge on December 13, 2013 pursuant to 28 U.S.C. § 636(b)(1), and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the factual allegations of the Complaint as true, Plaintiffs executed a promissory note ("Note") in favor of Carolina First Bank in the amount of $180,000 ("Loan") on December 28, 2005. The Note had a maturity date of December 28, 2010. On the same date, Plaintiffs also

executed a deed of trust ("Deed of Trust") to secure the Note. The Deed of Trust encumbered a self-storage facility located at 215 Holly Lane in Asheville ("Property") and was recorded by the Buncombe County Register of Deeds. TD Bank is the successor by merger to Carolina First Bank.

Plaintiffs did not pay the Loan in full when it matured on December 28, 2010. On March 31, 2011, TD Bank sent a written demand letter to Plaintiffs seeking payment in full pursuant to the terms of the Loan. Plaintiffs did not pay the Loan.

On or about May 25, 2011, WASLAW, LLC, acting as trustee on behalf of TD Bank, filed a Notice of Commencement of Foreclosure Proceeding in Buncombe County Superior Court, File No. 11-SP-738. The trustee served Plaintiffs with the Notice stating that a hearing was scheduled for June 20, 2011.

On June 20, 2011, the Buncombe County Clerk conducted the hearing and entered an Order Allowing Foreclosure. Plaintiffs did not attend the hearing. Following notice to the Plaintiffs, the trustee conducted a foreclosure sale on August 17, 2011. At the foreclosure sale, TD Bank bid $156,656.00 for the Property. Plaintiffs owed TD Bank approximately $161,409.69 plus interest and fees. No other party bid on the Property at the sale or during the ten day upset bid period.

On September 20, 2011, after the upset bid period expired, TD Bank assigned its bid to Wisteria Drive, LLC for $156,656.00. The trustee recorded a Trustee's Deed in favor of Wisteria Drive, LLC on September 20, 2011. The trustee also filed a final report with the Court showing sale receipts of $156,656.00.

Plaintiffs did not file a separate legal action to assert any equitable defenses or to enjoin the foreclosure sale as allowed by N.C. Gen. Stat. §45-21.34. On July 19, 2011, Plaintiffs did

file a Notice of Appeal with respect to the Order Allowing Foreclosure.  That Notice of Appeal was not filed within the time prescribed by N.C. Gen. Stat. §45-21.16(d1), which required filing by June 30, 2011.  The Court set a hearing on Plaintiffs' Notice of Appeal for August 30, 2011.  Neither Plaintiffs nor their counsel appeared at the hearing and the Court dismissed the appeal.

On July 3, 2013, Plaintiffs initiated this action in Buncombe County Superior Court seeking a re-sale of the Property and asserting claims for wrongful alienation of property and negligence.  On July 16, 2013, Defendant removed the case to this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

On August 5, 2013, Defendant filed its Motion to Dismiss. Doc. 6.  Defendant argues that all of Plaintiffs' claims are barred by the doctrine of res judicata since they were not raised during the foreclosure proceeding.  Defendant further argues that a bank does not owe any tort duties to a borrower under North Carolina law absent the existence of a fiduciary duty.  Defendant asserts that Plaintiffs have not alleged that it owed them a fiduciary duty, nor have they alleged breach of contract.  Finally, Defendant argues that Plaintiffs' claims for a re-sale of the property and for wrongful alienation of property are not cognizable under North Carolina law.

In their Response, Doc. 8, Plaintiffs argue that they have alleged sufficient facts to support their claims and that Defendant's Motion to Dismiss should be denied.

The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

**B. Discussion**

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The essential elements of res judicata are a final judgment on the merits in the earlier suit, identity of the causes of action in the two suits, and identity of the parties to the actions. See Keith v. Aldridge, 900 F.2d 736 (4th Cir. 1990). Under North Carolina law the doctrine applies to bar re-litigation of "every point which properly belonged to the subject litigation and which the parties, exercising reasonable diligence, might have brought forward." Painter v. Ballenger, 288 N.C. 165, 172, 217 S.E.2d 650, 655 (1973). It also serves to bar the assertion of defenses, as well as claims or counterclaims, that were or could have been litigated in the earlier proceeding. See Guiness PLC v. Ward, 955 F.2d 875, 895–97 (4th Cir.1992).

The Clerk's Order Allowing Foreclosure was a judicial act. N.C. Gen. Stat. § 45-21.16(d1). Plaintiffs had the right to file a notice of appeal within ten days for a hearing de novo before a Superior Court Judge. Id. Plaintiffs failed to do so. Plaintiffs also had the right to post an appeal bond to stay the foreclosure. Plaintiffs failed to do so. Finally, Plaintiffs had the right pursuant to N.C. Gen. Stat. §45-21.34 to apply to a Superior Court Judge to enjoin the foreclosure sale "upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient." N.C. Gen. Stat. §45-21.34. Plaintiffs failed to do so.

The parties' rights with respect to the foreclosure sale, including the sales price, became fixed ten days following the sale since no upset bid was placed. N.C. Gen. Stat. §45-21.27; See In re Foreclosure of Cornblum, 727 S.E.2d 338, 342 (N.C. App. 2012). The trustee filed a preliminary report of sale, making Plaintiffs aware of Defendant's bid. As stated in the Complaint, the assignment of bid did not occur until September 20, 2011, after the upset bid period expired and the rights of the parties were fixed. Plaintiffs allowed the upset bid period to expire without taking any action. Based upon these facts, the undersigned finds that all claims raised in the Complaint are barred by res judicata and should be dismissed pursuant to Rule 12(b)(6).

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "TD Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint," Doc. 6, be GRANTED.

# V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED**.

Signed: January 6, 2014

David S. Cayer
United States Magistrate Judge