# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00200-MR-DSC

| | |
|---|---|
| KEVIN HAMLIN, VERONICA HAMLIN, and AARON HAMLIN, ) ) ) Plaintiffs, ) ) vs. ) ) ) TD BANK, formerly known as ) CAROLINA FIRST BANK, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Costs Pursuant to Fed. R. Civ. P. 41(d) [Doc. 11] and the Defendant's Motion for Sanctions [Doc. 15].

## I.   PROCEDURAL BACKGROUND

On November 29, 2012, the Plaintiffs filed an action in the General Court of Justice for Buncombe County, Superior Court Division, against the Defendant TD Bank and WASLAW, LLC, Substitute Trustee, asserting claims for fiduciary duty and negligence arising from the Defendants' foreclosure on the Plaintiffs' property located at 215 Holly Lane in Asheville,

North Carolina. [Hamlin v. WASLAW, LLC, Case No. 12 CV 05685, Doc. 12-2]. TD Bank moved to dismiss the action on December 21, 2012, and the state court heard the Defendant's motion on February 25, 2013. [Doc. 15 at 1]. After the hearing but before the state court ruled on the motion, the Plaintiffs orally dismissed their Complaint. The Plaintiffs filed a Notice of Voluntary Dismissal on March 6, 2013. [Doc. 12-3].

On July 3, 2013, the Plaintiffs filed the present action against the Defendant TD Bank in the General Court of Justice for Buncombe County, Superior Court Division, claiming wrongful alienation of property and negligence and demanding a re-sale of the Holly Lane property. [Doc. 1-1]. The Defendant removed the action to this Court on July 16, 2013. [Doc. 1]. On July 23, 2013, the Defendant answered the Plaintiffs' Complaint and the Defendant's counsel wrote a letter to the Plaintiff's counsel, David R. Payne, requesting counsel to contact him about filing a joint stipulation of dismissal. [Doc. 16-2]. Specifically, defense counsel noted in the letter that he had concluded that the Complaint violated Rule 11 of both the North Carolina and Federal Rules of Civil Procedure, and that if the parties could not agree to a stipulation of dismissal, a motion to dismiss the action would be filed. [Doc. 16-2].

On August 5, 2013, after receiving no response from the Plaintiffs, the Defendant filed a motion to dismiss this action. [Doc. 6]. Defense counsel sent another letter to Plaintiffs' counsel requesting a joint stipulation of dismissal. Defense counsel further advised Plaintiffs' counsel that if the Defendant prevailed on the motion to dismiss, a motion for sanctions pursuant to Rule 11 would be filed. [Doc. 16-3].

The Plaintiffs filed a response to the Defendant's motion to dismiss on August 20, 2013. [Doc. 8]. The Defendant replied on August 28, 2013. [Doc. 9]. On January 6, 2014, Magistrate Judge David Cayer entered a Memorandum and Recommendation, recommending that the Court dismiss the case. [Doc. 10]. The Plaintiffs did not object to the Memorandum and Recommendation.

On January 23, 2014, Defendant's counsel served a letter with an attached motion for sanctions on Plaintiffs' counsel. [Doc. 16-4]. The Defendant's counsel also communicated with the Plaintiff's counsel via e-mail in an attempt to resolve the sanctions motion prior to filing. [Doc. 16 at 4-5]. Four days later, the Defendant filed a motion for costs pursuant to Fed. R. Civ. P. 41(d). [Doc. 11].

On January 30, 2014, this Court accepted Magistrate Judge Cayer's Memorandum and Recommendation and dismissed this action. [Doc. 13].

Thereafter, on February 17, 2014, the Defendant filed a motion for Rule 11 sanctions. [Doc. 15]. The Plaintiff filed a response in opposition to the Defendant's motion for sanctions on March 2, 2014. [Doc. 17]. The Plaintiff, however, has not filed any opposition to the Defendant's motion for costs.

Having been fully briefed and argued, this matter is ripe for disposition.

## II. DISCUSSION

### A. Defendant's Motion for Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending,

> modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the Court determines that any provision of Rule 11(b) has been violated, the Court may impose sanctions on the offending attorney, law firm or party responsible for the violation. Fed. R. Civ. P. 11(c)(1). A motion requesting sanctions under Rule 11(c)(1) "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Further, the motion must be served on the offending party in compliance with Rule 5, but it may not be filed or otherwise presented to the court "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id.[1]

---

[1] Rule 11 further permits a court to impose sanctions *sua sponte*, without invoking the safe harbor procedural requirements. See Fed. R. Civ. P. 11(c)(1)(B). A court may not

This twenty-one day "safe harbor" provision is intended to "giv[e] litigants a specific amount of time in which to withdraw an offending filing or allegation before a motion is filed" with the court. Rector v. Approved Fed. Sav. Bank, 265 F.3d 248, 252 (4th Cir. 2001); see also Fed. R. Civ. P. 11, advisory committee's note, 1993 amendments ("These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."). Thus, sanctions may not be imposed if the offending claim is dismissed by court order less than twenty-one days after service of the Rule 11 motion, as such dismissal deprives the offending party of the full twenty-one day period in which to withdraw the offending claim. Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 306 (E.D. Va. 2004); see also Howell v. Nesbit, No. 98-1402, 1998 WL 340291, at *3 (4th Cir. June 16, 1998) (denying sanctions where court dismissed the case one day after plaintiff was served with the Rule 11

---

impose monetary sanctions, however, unless it first issued a show cause order. See Fed. R. Civ. P. 11(c)(5)(B). As no show cause order was entered prior to the dismissal of the Plaintiffs' claims, the Court may not now impose monetary sanctions on its own initiative.

motion); Truelove v. Heath, No. 95-3009, 1996 WL 271427, at *2 (4th Cir. May 22, 1996) (reversing award of sanctions where action was dismissed eleven days after service of motion for sanctions).

Here, the Defendant served the Plaintiffs with a motion for sanctions on January 23, 2014. The Court dismissed the Plaintiffs' action, however, only seven days later. Because the Plaintiffs were not provided the opportunity to withdraw or otherwise correct the challenged claims prior to the dismissal of the action, the Defendant's motion for sanctions must be denied.[2]

### B.  Defendant's Motion for Costs

Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court based on or including the same claim against the same defendant, the court (1) may

---

[2] In arguing in favor of the imposition of sanctions, the Defendant appears to argue that the twenty-day safe harbor provision was triggered by defense counsel's correspondence to Plaintiffs' counsel in August 2013 advising that a Rule 11 motion would be filed if the motion to dismiss was granted. In so arguing, the Defendant notes that "[a]t least one circuit court has held that a letter informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions is sufficient for Rule 11 purposes." [Doc. 18 at 4 (citing Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago, 649 F.3d 539, 552 (7th Cir. 2011))]. The Defendant cites no authority, however, to indicate that this is the rule in the Fourth Circuit. Moreover, the requirements of Rule 11(c)(2) are clear. The *motion* for sanctions must be served on the offending party at least twenty-one days before filing and must describe in detail the alleged offending conduct. Therefore, counsel's letter threatening to file a motion for Rule 11 sanctions in the event that the motion to dismiss was granted was not sufficient to trigger the safe harbor provision of Rule 11(c)(2).

order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). Rule 41(d) is designed to prevent vexatious litigation and discourage forum shopping. Lawson v. Toney, 169 F.Supp.2d 456, 466 (M.D.N.C. 2001). The decision to impose costs under Rule 41(d) is a matter of discretion with the Court. Andrews v. America's Living Ctrs., LLC, No. 1:10cv257, 2011 WL 3359921 at *1 (W.D.N.C. Aug. 3, 2011); 9 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 2375 (3$^d$ ed. 2008). A showing of bad faith is not required. Andrews, 2011 WL 3359921, at *1; Siepel v. Bank of America, N.A., 239 F.R.D. 558, 563 (E.D. Mo. 2006).

The Defendant moves the Court to award costs including attorneys' fees in the amount of $15,287.48 for defending the Plaintiffs' first suit which the Plaintiffs later voluntarily dismissed. [Docs. 11, 11-2]. While some courts have concluded that "costs" under Rule 41(d) does not include attorneys' fees, a majority of courts, including this one, have concluded that the rule implicitly authorizes an award of attorneys' fees. Andrews, 2011 WL 3359921, at *2; 9 Wright, Miller, Kane, & Marcus, supra § 2375; Cadle Co. v. Beury, 242 F.R.D. 695, 698-99 (S.D. Ga. 2007); Siepel, 239 F.R.D. at 563.

The Court finds that a partial award of costs is appropriate in this case. By filing these cases, Plaintiffs' counsel has caused the Defendant to incur unnecessary expense. Plaintiffs' counsel knew or should have known that the parties' rights were fixed upon the expiration of the upset bid period, and that the Plaintiffs' failure to avail themselves of possible remedies under the proper state law procedures during their foreclosure precluded the claims asserted in this action. Further, Plaintiffs' counsel asserted factual allegations in the Complaint that an adequate pre-filing investigation would have revealed to be erroneous. For example, both the Plaintiffs' Complaint and the Plaintiffs' response to the Defendant's motion to dismiss assert that the Plaintiffs were current on their payments and that the demand letter and foreclosure action were improper. [Docs. 1-1 at ¶6, 8 at 3]. Plaintiffs' counsel, however, had a copy of the promissory note and access to TD Bank's Affidavit by Holder in the foreclosure special proceeding, both of which clearly indicate a maturity date of December 28, 2010 and the failure of the Plaintiffs to satisfy the debt on or after maturity. [Docs. 7-1, 16-10].

The Plaintiffs further alleged both in their Complaint and their response to the Defendant's motion to dismiss that TD Bank "transferred" its bid to a "favored customer" and "did in fact pay additional money over

and above the $156,656.00 for the subject property." [Doc. 1-1 at ¶ 9; Doc. 8 at 3-4]. Such allegations, however, are directly contradicted by the Assignment of Bid in the foreclosure file which indicated that the Defendant assigned its bid for $156,656.00 and the Final Report and Accounting in the foreclosure file showing the trustee's gross receipts of $156,656.00.

In bringing this action, Plaintiffs' counsel ignored existing case law, offered no case from any jurisdiction to support his theories, and offered nothing but conclusory arguments that misrepresented existing precedent. As previously noted, the Plaintiffs dismissed their first state court action to avoid a negative ruling, and the Plaintiffs' subsequent refiling of the action forced the Defendant to incur additional legal fees in a case without any merit and which the Plaintiffs barely prosecuted. Despite the filing of motions to dismiss in both actions, the Plaintiffs never attempted to amend their Complaint or otherwise address the deficiencies in their pleadings in any way. Indeed, when the Magistrate Judge recommended the dismissal of the current action, the Plaintiffs did not file any objections to his recommendation. Moreover, the Plaintiffs have not filed any opposition to the Defendant's request for costs.

For these reasons, the Court will, in its discretion, award the Defendant part of its costs pursuant to Rule 41(d). The Court finds that an

award of $1,000.00 is adequate to provide some compensation to the Defendant for the costs incurred with respect to the first state action, while also providing an effective deterrent to the filing of unwarranted litigation. Such costs shall be imposed against the Plaintiffs' counsel rather than the Plaintiffs themselves, as counsel was primarily responsible for the legal decisions complained of in this case.  See <u>Whitehead v. Miller Brewing Co.</u>, 126 F.R.D. 581, 582-83 (M.D. Ga. 1989) (noting that a federal court has the inherent power to assess attorneys' fees solely against the offending attorney).

## <u>O R D E R</u>

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Costs Pursuant to Fed. R. Civ. P. 41(d) [Doc. 11] is **GRANTED**, and the Defendants are hereby awarded against the Plaintiffs' counsel of record, David R. Payne and David R. Payne, PA, costs in the amount of One Thousand Dollars ($1,000.00) in accordance with Rule 41(d) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Sanctions [Doc. 15] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 4, 2014

Martin Reidinger